**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 18-cr-00471 WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAN WELCH,

    Defendant.

---

**MOTION FOR VARIANCE AND DOWNWARD DEPARTURE**

---

Defendant, Dan Welch, by and through his attorney of record, Ronald J. Yengich, pursuant to Rule 32.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado, hereby submits the following motion for sentencing variance and downward departure.

**I.   WELCH'S CRIMINAL HISTORY IS OVERREPRESENTED.**

Welch moves this Court to depart downward pursuant to § 4A1.3(b) of the United States Sentencing Guidelines on the basis that his criminal history category substantially overrepresents the seriousness of his criminal history. Section 4A1.3(b) of the United States Sentencing Guidelines states, in part:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

U.S.S.G. § 4A1.3(b)(1).

In the instant case, Mr. Welch is correctly assessed one criminal history point for the 2004 misdemeanor conviction of wrongful appropriation, and two criminal history points for the 2008 conviction of communications fraud. With a total of three criminal history points, Mr. Welch is a criminal history category of II. He received probation for the 2004 case and only 90 days of jail for the 2008 case, evidencing the non-serious nature of the crimes. Mr. Welch is a 56 year-old male who is before this Court on a third arrest in his lifetime. Mr. Welch has no arrests or convictions for crimes of violence, nor does he have any arrests involving drugs or alcohol. He has had no other convictions or arrests other than the two offenses listed. Moreover, both offenses occurred over ten years ago. Placing Mr. Welch in a criminal history category II for the commission of two non-violent crimes that occurred over ten years ago, overrepresents the seriousness of his criminal history.

As such, counsel submits that a Criminal History Category I is more representative of Mr. Welch's criminal history, particularly when one considers the type of criminal histories in federal court that usually warrant a placement in Category II. Clearly, his criminal history category substantially over-represents the seriousness of his criminal history. As such, a departure from Criminal History Category II to a Criminal History Category I is warranted.

## II. A VARIANCE IS JUSTIFIED GIVEN MR. WELCH'S PARENTAL RESPONSIBILITIES.

When sentencing a defendant, the court "shall impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553; *United States v. Booker*, 543 U.S. 220 (2005). *Booker* restored the district courts' ability to fashion a sentence tailored to the individual by

requiring the court to consider factors other than simply the guideline range prescribed by the Sentencing Guidelines. 18 U.S.C. § 3553(a); *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004). These factors include:

> the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the kinds of sentences and the sentencing range established for the applicable category of offenses; any pertinent policy statement; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In the instant case, Mr. Welch has a criminal history category of II and a total offense level of 20. While the recommended guideline range is 37 to 46 months of imprisonment, Mr. Welch respectfully submits that a sentence of home confinement, community service and probation is sufficient, but not greater than necessary, in the instant case. Such a sentence is warranted when considering the above factors.

Mr. Welch is a 56 year-old man with only two prior criminal convictions. As indicated above, his first offense occurred in 2004, where he was convicted of misdemeanors and given probation. In 2008, he was convicted of two counts of communications fraud, and sentenced only to ninety days in jail. While counsel concedes that Mr. Welch's limited criminal history involves all fraud-type charges, Mr. Welch has no history of violence, drug use, or any other criminal behavior. His minimal criminal history supports a sentence of home confinement, community service and probation, particularly given his age and the fact that he was crime free for ten years prior to his conviction in the instant case. Moreover, Mr. Welch has been on pre-

trial release since the inception of this case, and has been in complete compliance with his conditions.

Most important, Mr. Welch is the full-time custodian, and sole care-taker, for his 15-year-old daughter, Taia. Mr. Welch and his young daughter reside together in Cedar Hills, Utah. Taia is a "straight A" student who also plays competitive soccer. She is entirely reliant on Mr. Welch for support as they have no other family nearby. Mr. Welch divorced Taia's mother in 2012, due to the fact that she was an alcoholic. Taia was with her mother periodically for the two years following the divorce, but did not do well given her mother's addiction and the unstable home environment it created. As of 2014, Taia has lived exclusively with her father, and has had very little contact with her mother for the past five years. Taia's mother currently resides in Bountiful, Utah, about 50 miles away from Taia. Mr. Welch's primary motivation for seeking a sentence of home confinement is his daughter. If Mr. Welch is incarcerated, Taia is left homeless, with nowhere to go. Her mother is not a viable option given her instability and alcoholism. Moreover, if Taia were to live with her mother, she would be torn away from her school, her friends, and her athletics during this critical time in her adolescence, given that her mother lives so far away. Mr. Welch has legitimate concerns regarding Taia's well-being if he is sent to prison and she is left alone in a new and unfit environment to finish out her high school years.

Moreover, a sentence of home confinement would allow Mr. Welch to continue to work and to provide restitution to the victims once this Court orders restitution as part of his sentence. Mr. Welch is capable of working and intends to make payments on the restitution if he is allowed to be placed on home confinement.

A sentence of home confinement, community service and probation is a sufficient sentence to satisfy the aims of sentencing. The Tenth Circuit has recognized that a prison sentence is not always necessary in order to provide a sufficient sentence. *United States v. Walker*, 918 F.3d 1134, 1150–51 (10th Cir. 2019). In *Walker*, the district court's original sentence of credit for time served was found to be unreasonably short, and the appellate court found that a harsher sentence was necessary. *Id.* On remand, the district court increased the defendant's probation from three to ten years, added two years of home confinement, and five hundred hours of community service. Following a second appeal by the government, the Tenth Circuit recognized that probation, home confinement and community service were forms of punishment and constituted a harsher punishment than originally imposed, despite the fact that no additional prison time was imposed. *Id.* Further, the Court reinforced that home confinement functions as an alternative to a period of incarceration, citing § 5C1.1(e)(3) of the United States Sentencing Guidelines. Finally, the Court explained that it is well settled that "probation is not insignificant punishment." *Id.*

As such, in this case, a prison sentence is not the only option before the Court. This Court can fashion a harsh enough sentence with the imposition of home confinement in lieu of prison, in order to allow Mr. Welch to work to pay back the victims; community service, to allow Mr. Welch to give back to the community; and a longer period of probation, to allow sufficient time to pay restitution. Such a sentence would reflect the seriousness of the offense, while also balancing the need for Mr. Welch to be able to work to pay restitution to the victim, and the need for him to parent his daughter. A sentence of home confinement is further supported by Mr. Welch's limited criminal history and his ability to be a crime-free, contributing member of the

community.  Consequently, Mr. Welch  respectfully requests that this Court impose a sentence of home confinement, community service and probation in lieu of prison in the instant case.

RESPECTFULLY SUBMITTED this 8th day of August, 2019.

By   *s/ Ronald J. Yengich*
RONALD J. YENGICH
YENGICH & XAIZ
560 South 300 East
Suite 105
Salt Lake City, Utah 84111
Telephone: (801) 355-0320
Fax: (801)364-6026
e-mail: ronaldy333@aol.com
Attorney for Defendant Dan Welch

# CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2019, I electronically filed the foregoing

**MOTION FOR VARIANCE AND DOWNWARD DEPARTURE**

with the Clerk of the Court using the CM/ECF system which will send notification of filing to the following email addresses:

Robert Brown, Assistant United States Attorney
Robert.Brown5@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the matter, (mail, hand-delivery, etc.) indicated by the non-participant's name:

Dan Welch             *via email and US Mail*

                                                By    *s/ Ronald J. Yengich*
                                                          RONALD J. YENGICH
                                                          YENGICH & XAIZ
                                                          560 South 300 East
                                                          Suite 105
                                                          Salt Lake City, Utah 84111
                                                          Telephone: (801) 355-0320
                                                          Fax: (801)364-6026
                                                          e-mail: ronaldy333@aol.com
                                                          Attorney for Defendant Dan Welch