IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 18-cr-00471-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAN WELCH,

    Defendant.
_____

**GOVERNMENT'S RESPONSE TO MOTION FOR VARIANCE AND DOWNWARD DEPARTURE [ECF 32]**
_____

The United States opposes the defendant's motion for the following reasons:

I. <u>Overrepresentation of Criminal History</u>.

The defendant believes his prior misdemeanor and felony convictions do not merit a classification into Criminal History category II under the guidelines. The government disagrees. The defendant asks the court to ignore his prior record and place him in a criminal history level of I. That would be the same category as someone who has no record at all. As he points out, the defendant's record does not show a history of violence or drug or alcohol abuse, but it does show some history. The government believes his two convictions relating to theft or fraud types of offenses warrants the category in which the guidelines place him.

II.     <u>Parental Responsibilities</u>.

The government does not contest the factual representations submitted in the defendant's motion regarding his family situation. The government also understands the needs of the defendant's daughter and sympathizes with the situation in which she will be

placed if the defendant is sentenced to incarceration.  However, the government submits that a sentence to home confinement or probation would unduly minimize the serious nature of the offense committed primarily grounded on the size of the loss to the victim.

In the departure context, family responsibilities are "not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.6.  "A district court may depart based on family circumstances 'only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.'"  *United States v. Reyes-Rodriguez,* 344 F.3d 1071, 1073 (10th Cir. 2003).

The government recognizes the practical concept of "variance" is different from "departure" which may make the *Reyes-Rodriguez* mandate of finding a factor to "exceptional degree" not required.  In *Gall v. United States*, 552 U.S. 38, 48 (2007), the Court rejected the argument that a finding of "extraordinary" circumstances necessary to sentence outside the relevant guideline range.  Thus, the court has the power to fashion a variant sentence based upon the considerations submitted by the defendant, here. The government submits it should not vary from the guideline range, or at least limit the degree of variance based on the family circumstances factor.

Obviously, the defendant will have to make arrangements for the care of his daughter, if he is sentenced to incarceration.  The government recognizes those options may be limited and there may be not be good choices available.  Those arrangements will depend upon the length of incarceration.  In facilitating the daughter's transition into a new phase of her life, not necessarily as a benefit to the defendant, the court does have an option that would give the daughter some assistance.  Based on prior practice, undersigned counsel believes the practice of many courts in permitting self-surrender is to make a part of

the judgment a definite time certain within which the defendant is to self-surrender *after* the BOP designates a facility.  That designation can take from two to four weeks.  An option for the court would be to order a longer than normal time period for the self-surrender and make the order part of the judgment.  The government does not know the details of the family situation and defers to the defendant for input regarding this possible option in terms of a workable time period

    Respectfully submitted,

    JASON DUNN
    UNITED STATES ATTORNEY

    *s/ Robert Brown*
    ROBERT BROWN
    Assistant U.S. Attorney
    1801 California St, Suite 1600
    Denver, CO 80202
    Telephone: 303-454-0100
    E-mail: Robert.Brown5@usdoj.gov