IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-00471-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAN WELCH,

    Defendant.

---

**UNITED STATES RESPONSE TO MOTION FOR COMPASSIONATE RELEASE/REDUCTION IN SENTENCE [ECF 42]**

---

The United States of America, by and through Jason R. Dunn, United States Attorney for the District of Colorado and Robert Brown, Assistant United States Attorney, hereby submits the following response to the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [ECF 42] as supplemented [ECF 46].

The court ordered a response within seven days of the supplement filed by Mr. Ward on October 13, 2020. The court ordered the government to include in its response "What steps the warden at this facility is taking/has taken to protect especially vulnerable people like Defendant from the COVID-19 virus, what the status of Defendant's administrative request is, and whether the warden has put in place any process to expedite the determination of these types of compassionate release requests." [ECF 44]. Although the defendant's motion is not premised, as most section 3582 requests are, on an allegation the defendant's incarceration puts him at risk of COVID-19 exposure while incarcerated, the government is submitting herewith a declaration by BOP Assistant

Health Services Administrator Angela Fellows, Federal Correctional Complex, Florence, Colorado. The declaration has reference to seven attachments. The government is submitting herewith only two attachments as germane to the issue before the court. The combined document is labeled Exhibit 1.

## FACTUAL ALLEGATIONS OF DEFENDANT'S MOTION

Prior to the filing of the defendant's motion, undersigned counsel was contacted telephonically by the defendant's daughter, Taia Welch. Based on that contact, it appears Ms. Welch is credible in her allegations of fact. The government has no evidence contradicting the factual allegations contained in his motion, made in the supplement to that motion or in the Exhibits attached thereto [ECF 42, 46, 46-1,46-2, 46-3].

## JURISDICTION

### The Court May Consider this Motion.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). It is well established that once a district court has pronounced sentence and the sentence becomes final, the court has no inherent authority to reconsider or alter that sentence. Rather, it may do so only pursuant to statutory authorization. *See, e.g.*, *United States v. Addonizio*, 442 U.S. 178, 189 & n.16 (1979); *United States v. Smart*, 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.") (internal quotation marks omitted).

The statutory authority granting the court authority to consider the defendant's motion is clear. The importance of finality in criminal judgments was recognized by Congress in enacting, and amending, 18 U.S.C. §3582(b). This statute provides:

> (b) Effect of finality of judgment.—Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> > (1) modified pursuant to the provisions of subsection (c);
> >
> > (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> >
> > (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

18 U.S.C. §3582(b). Mr.Welch submits his situation fits within the exception under section 3582(c) and submits it has been more than thirty days since he petitioned the BOP for assistance in obtaining relief. The Fellows declaration (Exhibit 1) notes the defendant's request was received on August 24, 2020 and has not yet been acted upon. Therefore, the court has jurisdiction to consider the request.

1. <u>18 U.S.C. §3582(c)</u>.

18 U.S.C. § 3582(c)(1)(A) provides the Court "may not modify a term of imprisonment once it has been imposed except" as provided by statute:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* Section 1B1.13 of the U.S.S.G. provides that a reduction of sentence under this statute is permitted if: "extraordinary and compelling reasons warrant the reduction," U.S.S.G. § 1B1.13 (1)(A); "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," *id.* § 1B1.13(2); and "the reduction is consistent with this policy statement," *id.* § 1B1.13(3).

The Application Notes of § 1B1.13, in turn, describe multiple ways that a defendant can show an "extraordinary and compelling reason," which include:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The Defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the ageing process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment; whichever is less.

4

(C) Family Circumstances.—

- (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

- (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or the registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.[1] *See United States v. Saldana,* 807 Fed. Appx. 816 (10th Cir. 2020) (unpublished).

The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify his early release. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."). Under the statute, the defendant bears the burden of establishing that he is eligible for a sentence modification. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *see also United States v. Edington*, 2020 WL 2744140 (D. Colo. May 27, 2020)(it is the defendant's burden to prove that his medical conditions create extraordinary and compelling reasons warranting a sentence reduction). Compassionate release must be, by its own definition, both "rare" and "extraordinary." *United States v. Willis*, 2019 WL 2403192, at *3 (D.N.M. June 7, 2019) (citations omitted)

---

[1] BOP has promulgated a Program Statement setting forth the considerations and procedures applicable to applications for compassionate release. *See* Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582, 4205(g), https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited October 20, 2020).

5

Mr. Welch has described the situation in which his daughter has found herself as the result of her father's incarceration, her mother's incapacity to be a suitable parent, and her siblings expressed refusal to permit her to live with them due to the continuing COVID-19 situation in Utah, their state of residence. The description provided by the daughter and the defendant in his pleadings falls within the language of Application Note (c)(2) of USSG § 1B1.13   The question for the court is whether the situation constitutes is extraordinary and compelling reasons meriting relief.  As Mr. Ward notes, not surprisingly there is a paucity of precedent on the issue framed before the court.

The arguments for and against relief, while not clearly resolved with a simple answer, are muddily clear to express. Is the situation Taia finds herself in, not of her doing, something that could cause her to possibly follow the negative life path of her mother negating much of the positive she has achieved? Is continuing the incarceration of her father for the offense he committed simply something the court and society is content with chalking up to "your dad was a criminal and you reap what he has sown"? Many incarcerated defendants likely have family situations where the incarcerated father (or mother) could be the sole healthy parent available to a child. In such situations do all merit a sentence reduction? Or does it depend on the degree of the negative situation the child finds herself? Or does it depend on how much of a positive role model or provider the incarcerated parent would be? Is it proper to address the situation by simply stating that one of Taia's siblings must step up and take her in until her father is released? There are probably dozens of equally relevant questions the court could address in order to attempt to resolve this issue.

**"Extraordinary and compelling"**

Perhaps an overarching issue is to what extent does a court have judicial discretion to assess and determine what is an "extraordinary or compelling reason" under application note 1.13. As noted, that application note defines what constitutes an extraordinary and compelling reason as including "the incapacitation of the caregiver of the defendant's minor child." Does the issue raised by the defendant require the court to engage in an assessment of the extended Welch family and determine which family member must step in and do the job the mother is incapable of doing due to her alcoholism and which the father cannot due to his incarceration? Or does the defendant's establishing the letter of the definition close the question?

Judge Varlan of the Eastern District of Tennessee recently summarized the extraordinary and compelling definition in this context as follows:

> Reading "extraordinary and compelling reasons" in its statutory context makes clear that the use of the phrase in § 3582(c)(1)(A) reflected an intentional congressional choice to give the authority to define those reasons to the Sentencing Commission. *See [United States v.]Hickman*, 2020 U.S. Dist. LEXIS 95488, 2020 WL 2838544, at *2-3 (reasoning that these provisions support limiting authority to identify "extraordinary and compelling reasons" to the BOP Director). Thus, when some courts construe the First Step Act's modification to § 3582(c)(1)(A) as transferring the Sentencing Commission's definitional authority to the judiciary, they do so in contravention of the plain text of related statutory provisions that Congress chose not to modify. *See United States v. Willingham*, No. CR113-010, 2019 U.S. Dist. LEXIS 212401, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019) ("This interpretation, and it appear[s] to be an interpretation gleaned primarily from the salutary purpose expressed in the title of Section 603(b) of the First Step Act, contravenes express Congressional intent that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the 'compassionate release' provision" (citing § 944(t)); *accord [United States v] Ebbers*, 432 F. Supp. 3d at 427. They also disobey the Supreme Court's instruction that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that

> guideline." *Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 123 L. Ed. 2d 598 (1993). The commentary to § 1B1.13 including subdivision D, is not clearly inconsistent with defining "extraordinary and compelling reasons" in § 3582(c)(1)(A)(i), even if subdivision D might appear inconsistent with some courts' interpretations of the First Step Act's purpose. *Cf. United States v. Saldana*, 807 Fed. Appx. 816, 2020 WL 1486892, at *3 (10th Cir. 2020) (not deciding but indicating agreement that § 1B1.13 and subdivision D continue to bind courts' interpretation of "extraordinary and compelling" reasons post-First Step Act), and *United States v. Avery*, No. 2:07-cr-20040-2, 2020 U.S. Dist. LEXIS 104951, 2020 WL 3167579 at *5 (W.D. Tenn. June 9, 2020) (agreeing with courts that have found the policy statement and its application notes binding but that courts can consider "other reasons" for release). Thus, the policy statement remains authoritative, and "[i]f [it] needs tweaking in light of [the First Step Act], that tweaking must be accomplished by the Commission, not by the courts." *Hickman*, 2020 U.S. Dist. LEXIS 95488, 2020 WL 2838544, at *3 (quoting *United States v. Lynn*, No. CR 89-0072, 2019 U.S. Dist. LEXIS 135987, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019)).

*United States v. Nix*, LEXIS 152581 at 16-18 (E.D. Tenn. June 29, 2020).

Perhaps an overarching issue is to what extent does a court have judicial discretion to assess and determine what is an "extraordinary and compelling reason" under application note 1.13. As noted, that application note by its terms what constitutes an extraordinary and compelling reason as including "the incapacitation of the caregiver of the defendant's minor child." Should the court engage in an assessment of the extended Welch family and determine which family member must step in and do the job the mother is incapable of doing due to her alcoholism and which the father cannot due to his incarceration?

Some courts have refused to become family courts avoiding assessments of the best interest of a child or engaging in juvenile court issues. They have done so by holding that when a defendant has established that the application note definition of compelling and extraordinary as being the absence of a caregiver for a child (or parent) then such

8

constitutes a compelling and extraordinary reason under the statute. *In United States v. Dublin*, 2020 U.S. Dist. LEXIS 151443, (D. R. I. August 22, 2020) the court noted:

> The "Family Circumstances" Application Note lists two circumstances that may qualify one for compassionate release. U.S.S.G. § 1B1.13 cmt. n.1(C). The first is upon the "death or incapacitation of the caregiver of the defendant's minor child or minor children." Id.2Link to the text of the note As other courts have explained the "animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver." [*4] *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020); *see also United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (granting motion where defendant was only available caregiver for his mother).

There, the child was unable to care for herself (4 years old) and the mother's circumstance was such that she could not care for the child. The court chose not to engage in an extended analysis of other options for child care or the merits of the mother's lifestyle in assessing the lack of care for the child.

The court in *United States v. Bucci*, 409 F. Supp. 3d 1, 4-5 (D. Mass 2019) applied the family circumstances application note to care of a parent and found compelling and extraordinary circumstances under the Application Note:

> Mr. Bucci's circumstances are similar to those that the Sentencing Commission specifically articulated as examples of "extraordinary and compelling reasons" in its policy guidance. See U.S.S.G. § 1B1.13 n.l. Mr. Bucci is the "only available caregiver," id. § 1B1.13 n.1(C)(ii), for an ailing, close member of his family: his mother. This Court sees no reason to discount this unique role simply because the incapacitated family member is a parent and not a spouse.
>
> While surely many inmates share the plight of having an incapacitated spouse or partner at home, the Sentencing Commission has made clear that courts ought consider that circumstance an "extraordinary and compelling reason" for compassionate release only when the defendant is the "only available caregiver" for him or her. U.S.S.G. § 1B1.13 n.1(C)(ii). When a defendant is the "only available caregiver" for an

9

incapacitated parent (perhaps a more unique occurrence given that inmates may have siblings or other family members able to care for their parents), then, it is likewise an "extraordinary and compelling" reason warranting compassionate release. *But see United States v. Ingram*, No. 2:14-cr-40, 2019 U.S. Dist. LEXIS 118304, at *4-5 (S.D. Ohio July 16, 2019) (denying compassionate release to defendant to care for ill mother because "(m)any, if not all inmates, have aging and sick parents").

Here, the defendant has alleged without contrary evidence the mother of Taia is incapable of acting as a parent, primarily due to her long history of alcoholism. He has explained the inability of other family avenues of care. Although the court could engage in a qualitative analysis of other caregiving options available, it is likely not possible to make an informed assessment of such in this proceeding. For the purposes of this motion, it appears the defendant has met the definition of extraordinary and compelling reasons under USSG, § 1B1.13 and the application note thereto, and thus under the statute.

As noted, when extraordinary and compelling reasons for release have been established, the court next considers whether "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," USSG § 1B1.13(2); and whether "the reduction is consistent with this policy statement," *id.* § 1B1.13(3). Additionally, the court must "consider the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). The USSG policy statement notes the fact the extraordinary and compelling reason was not unforeseen at the time of sentencing, as was the case here, does not preclude relief. USSG § 1B1.13, Application Note 2. The defendant argued for a lesser sentence due to the living situation of his daughter and the court considered it during sentencing. Thus, the fact the court has already considered this argument does not preclude relief, now.

The defendant has alleged he is not a danger to the community, and the government has no evidence to the contrary. There was no suggestion otherwise in the presentence investigation report.

The determinative issue is the statutory directive to the court to consider § 3553 factors "to the extent they are applicable." As the court made an in depth analysis of the 3553 sentencing factors at the time of sentencing, the government is not going to make an extended argument here. Obviously, the court considered the sentencing factors and made a determination that the sentence imposed was sufficient but not more than necessary to achieve the statutory goals of sentencing. To the extent those factors "are applicable" now that the defendant has made a prima facie showing of extraordinary and compelling reasons to reduce his sentence, the government submits those factors have not changed. Perhaps the weight to be given them has changed based on the motion. Otherwise, section 358 would be meaningless.

The government notes the defendant was sentenced to 42 months. His projected release dates are: statutory release date, projected: 09-03-2022; early offender two thirds date: 01-09-2022; expiration full term date: 03-10-2023 (see attachment 1 to Exhibit 1). The government knows this court and the seriousness it gives each sentencing. For that reason, the government respectfully defers to the court with regard to whether or not the

3553(a) factors apply to such a degree to negate the magnitude of the extraordinary and compelling reason established in the defendant's motion.

>Respectfully submitted,
>
>JASON R. DUNN
>United States Attorney
>
>By:   s/ *Robert Brown*
>Robert Brown
>Assistant United States Attorney
>1801 California Street, Suite 1600
>Denver, Colorado 80202
>Telephone: (303) 454-0100
>E-mail: Robert.Brown5@usdoj.gov
>Attorney for the United States

## CERTIFICATE OF SERVICE

I certify that on this 20th day of October, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case

>By: *s/Kayla Keiter*
>Legal Assistant for AUSA Robert Brown
>United States Attorney's Office