**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 18-cr-00471-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DAN WELCH,

      Defendant.

---

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

Upon motion of the defendant for a reduction in sentence under 18 U.S.C.

§ 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C.

§ 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that Defendant Dan Welch's Motion for Compassionate

Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), and Supplement

thereto, ("Motion for Compassionate Release") (Doc. ## 42, 46) is DENIED after

complete review of the Motion on the merits.

      FACTORS CONSIDERED:

- On April 24, 2019, Mr. Welch pled guilty to one count of Wire Fraud, in violation

  of 18 U.S.C. § 1343. The sentencing guideline range for Mr. Welch's offense was

  37 to 46 months. The Court sentenced Mr. Welch to 42 months' imprisonment,

three years of supervised release with conditions, and restitution in the amount of $938,726.15.

- Mr. Welch's current projected release date from the Bureau of Prisons ("BOP") is September 3, 2022 (assuming good time credit). He has served approximately 38% of his 42-month sentence.

- This Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." *See* USSG § 1B1.13(2). Additionally, the Court must consider the Section 3553(a) factors, as applicable, as part of its analysis. *See* § 3582(c)(1)(A).

- As is generally true for white collar defendants, Mr. Welch does not appear to be a danger to the community in terms of physical violence. That being said, however, the underlying offense in this case is very serious and involved Mr. Welch defrauding his victims of a significant amount of money.

- This Court disagrees with the Government's conclusion that "it appears the defendant has met the definition of extraordinary and compelling reasons under USSG, § 1B1.13." In his Motion, Mr. Welch asserts that the mother of his 16-year-old daughter Taia has a severe drug and alcohol addiction and, as a result, Taia does not feel safe in her care. Taia herself attests that her mother is emotionally and verbally abusive to her. However, other than these allegations, Mr. Welch has provided no documentation demonstrating that Taia's mother is incapacitated. Although she may suffer from drug and alcohol addiction and may be emotionally and verbally abusive to Taia, she appears to be able to manage

2

her own home where Taia lived for six weeks. In other words, Taia has a mother who is capable of caring for her and who is legally responsible for her care, but who has decided that it is inconvenient or too difficult for her to continue to care for Taia. Mr. Welch also alleges that there are no other adequate caregivers available to take care of Taia. However, Taia is fortunate that she has two older sisters who are quite capable of caring for her. From their affidavits, it appears that both of Taia's sisters are "uncomfortable with the risks associated with Taia potentially exposing" them and their respective families to COVID-19 because Taia attends school and works in the public. These concerns are not different than the circumstances many other families are facing during the pandemic. They are easily resolved by having Taia stop working and attend school remotely.

- The Court finds that Mr. Welch is not the only available caregiver for Taia. Taia has two older sisters who are capable of caring for her. The problem is that they appear unwilling to take the necessary COVID-19 precautions that other families have taken in order to care for extended family members. Under these circumstances, the Court finds that the reasons supporting Mr. Welch's Motion do not rise to the level of extraordinary and compelling reasons meriting a reduction in sentence. Furthermore, such a reduction would not be consistent with applicable policy statements issued by the Sentencing Commission. The seriousness of Mr. Welch's offense, and the amount of time he has yet to serve for said offense (18 months), warrant denial of the instant Motion.

- For the foregoing reasons, Mr. Welch's Motion for Compassionate Release is

    DENIED.


    DATED:  January 26, 2021

                                                    BY THE COURT:


                                                    _____
                                                    CHRISTINE M. ARGUELLO
                                                    United States District Judge